County of Bucks, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued February 2, 1983, before Judges ROGERS, BLATT and CRAIG, sitting as a panel of three.

*Peter N. Harrison*, Assistant County Solicitor, for petitioner.

*Bruce G. Baron*, Assistant Counsel, for respondent.

OPINION BY JUDGE CRAIG, March 17, 1983:

Bucks County appeals from the determination by the Department of Public Welfare (DPW) of the amount of money which the county was entitled to receive from the Commonwealth through the Medical Assistance Program.

This case, and a companion case also decided today, present the same substantive legal issue. We detailed the pertinent facts and fully discussed the questions of law in that case, *Lancaster County v. Department of Public Welfare*, 72 Pa. Commonwealth Ct. 639, 457 A.2d 1001 (1983). We concluded there that DPW had misapplied its own regulation and that the county had presented substantial evidence that DPW's attribution of investment income to the county home was improper.

The evidence in both cases was essentially the same. Bruce Moorehead, the associate administrator of the Bucks County nursing home, testified that the home

incurred substantial losses, even after reimbursement for the Commonwealth's share of expenses, for each of the years in question. Theodore Johnson, a certified public accountant who is the finance director of human services for the county, testified that the county is always funding a deficit on the county home.[1] He also testified that, due to the home's continuous account receivable from the Commonwealth, the county could invest none of the funds it budgeted for the home.[2] Finally, as the Office of Hearings and Appeals noted in its order, the county home had no control over the disposition of any of the assets in the county general fund.

For the reasons which we set forth fully in the companion case, we reverse the order of the Office of Hearings and Appeals.

ORDER

Now, March 17, 1983, the Order of the Office of Hearings and Appeals, dated September 4, 1981, is reversed as it applies to Bucks County.

---

[1] Record at 80.
[2] Record at 81.